IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
OCT 08 2020 AM
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Yu L. Zhan, | ) |
|     Plaintiff, | ) 1:18-CV-7115 ) ) Judge |
| v. | ) Hon. Mary M. Rowland ) |
| | ) Magistrate Judge |
| Board of Trustees of University of Illinois, | ) Hon. M. David Weisman ) |
|     Defendant | ) |

**Plaintiff's Motion for Judgment on an "Affidavit" Created by Esteban D. Perez, Counsel Heather D. Erickson and Counsel Meghan D. White**

Plaintiff, Yu L. Zhan, pursuant to Court Order Docket Entry #114, respectfully submits Plaintiff's Motion for Judgment on an "Affidavit" created by Esteban D. Perez, counsel Heather D. Erickson and counsel Meghan D. White and states as follows:

A. Communication Records between Mary E. Fitzgerald and Plaintiff are Material Evidence. For Several Months Defendant Withholds these Documents in Contempt of Court Orders (Docket Entry#71 and #73)

1. On February 6, 2020, (Docket Entry #71) the Court expressly ordered the Defendant to produce "any feedback from Mary Fitzgerald to Plaintiff related to Plaintiff's job performance from 2016 through August 2017".

2. The record shows within a time period of half a year, Defendant failed to produce any feedback from Mary Fitzgerald, and it failed to file a motion for reconsideration.

1

3. As the Honorable Court can see, Mrs. Mary E. Fitzgerald is a very special figure in this case, that is why Defendant and its counsels are vigorous to conceal any information about her: on the record, Mrs. Mary E. Fitzgerald is about twenty years younger than Plaintiff, she worked on her MBA degree while employed at Defendant before 2016; her salary was about $200,000, three times or more as Plaintiff was paid. And some email records in Plaintiff's document production (PL00001-PL00535) show Plaintiff worked for Mrs. Mary E. Fitzgerald on database management from 2009 to 2017 with acknowledgement of Mr. Michael Fitzgerald and/or under his instruction. Most importantly, it is easy to find Mary's assessment of Plaintiff's job performance as "great" "perfect" and "fabulous" etc.

4. The record demonstrated Plaintiff submitted some of Mary E. Fitzgerald's feedback emails in February 27, 2020. See PL00156-PL00200. Both Defendant's counsels Ms. Heather D. Erickson and Ms. Meghan D. White knew this very well beyond any doubt.

B. Defendant Has Been Ordered To Submit Affidavit.
Because Counsel Meghan D. White Repeatedly Argued Mary E. Fitzgerald's Email Account Had Been Deactivated

5. On February 28, 2020, Defendant's stated in its Supplemental Response:

Without waiving and subject to Defendant's previously stated objections in response to Plaintiff's Request No. 9, Defendant is not in possession of any emails from Mary Fitzgerald regarding Plaintiff's job performance from January 2016 to August 2017. Ms. Mary Fitzgerald left her employment with the Defendant on August 15, 2017. The Defendant conducted a search for any and all emails between Mary Fitzgerald and Yu Zhan for the period from January 1, 2016 and August 15, 2017; however, the email account of Mary Fitzgerald was deactivated in 2018 as a result of Ms. Fitzgerald ending her employment and the Defendant no longer has access to any emails within that account.

2

6. Within half a year, showing disrespect and contempt, Defendant's counsel Ms. Meghan D. White (1) misstated and misinterpreted governing law; (2) volunteered to be a material witness by presenting statements of fact fabricated by herself; (3) repeated groundless and meritless arguments for misleading purpose.

7. Nothing can change the fact that Defendant's counsel Ms. Meghan D. White volunteered to be a material witness in this case by presenting a statement of her own to whether Defendant had "possession" of all documents required by the Federal Court.

8. It is on the record, in order to conceal any and all information about Mary E. Fitzgerald and in order to withhold all related documents, extraordinary effort was made by Michael Fitzgerald at Defendant and Defendant's lead counsel Heather D. Erickson.

9. As the Honorable Court can see, the same or similar or equally wanton objections and contentions from Defendant and its lead counsel Ms. Heather D. Erickson had already been overruled and rejected. It is improper that Defendant repeated its objections after the Court Orders were entered.

C. The "affidavit"

10. The "Affidavit" created by Esteban D. Perez, counsel Heather D. Erickson and counsel Meghan D. White is shown as Exhibit A1-3.

11. As an important part of discovery response, under Rule 33 and 34, a certification by the authorized representative from Defendant is required for the filing of the "Affidavit". But Defendant failed.

12. Without authorization, Mr. Esteban D. Perez is not a designated agent for Defendant; without disclosure during discovery and introduction of academic credential and expertise, he is not qualified as an expert witness either.

13. There is no statement of penalty for perjury on the "Affidavit".

14. The "Affidavit" was emailed to Plaintiff on August 6, 2020, but there is no creation date on it.

15. Mr. Esteban D. Perez did not claim he had firsthand knowledge of anything about what he was talking about, including the complex structure of the email system at the UIC Medical Center; also Mr. Esteban D. Perez is not the manager of email server(s) and its backup system; Mr. Esteban D. Perez is not an employee of the IT department in the west campus of UIC, where people engaged in daily operation and maintenance the email server(s) and backup system; Mr. Esteban D. Perez failed to present any documentation in support of his statements regarding regulation policy or custom for deleting email accounts.

16. In fact his absurd arguments demonstrate Mr. Esteban D. Perez is lacking of any basic knowledge on email system.

17. Information suggests Mr. Esteban D. Perez is a current employee at Defendant. Based on her own experience, Plaintiff knows the risk of telling a truth. Immediate and reckless retaliation happens all the time. On the other hand, reward is always available for anyone who is willing to provide ridiculous false statements. Patrick Robinson is only one of those examples.

18. The "Affidavit" is not notarized. And as deceptive as it is, Ms. Heather D. Erickson and Ms. Meghan D. White are not officers of public notary.

19. The "Affidavit" is under the name of Mr. Esteban D. Perez. He is not a party in the instant suit, nor is he an expert or fact witness. As such, Mr. Perez is not in a position to submit

anything in the Federal Court without a basic investigation of the facts, switching their one false arguments to another abruptly on the same issue; Defendant two counsels Ms. Erickson and Ms. White put their names on a rare and bizarre creation and turned it into an evidence of their outrageous misconduct in violation of Rule 11.

20. In this case counsel Ms. Meghan D. White stepped up as a witness first, and then she needed to find someone or anyone to lawyer for her. That is more absurd.

21. Co-author Ms. Heather D. Erickson argued vigorously in the court, but she never contended the subject account was either "deactivated" or "deleted".

22. Indeed, one may ask what roles Ms. Heather D. Erickson and Ms. Meghan D. White are playing in the "Affidavit": Coaches? Or, Counsels being coached? The irony is no matter what the answer might be, the unlawful nature of the filing of the "Affidavit" is undeniable.

23. For sure, the co-authors of the submission knew beforehand it is ridiculous for three people with different contentions to file an "Affidavit" jointly but they had no other choice; without two counsels, Mr. Esteban D. Perez had no excuse whatsoever to address the Court; without Mr. Esteban D. Perez, the two counsels could not file any affidavit of their own to testify anything on the subject matter. With the same goal in mind to deceive, they need assistance from each other to defraud the Federal Court.

24. At this moment, all co-authors of the "Affidavit" know that for months, counsel Ms. Meghan D. White created a phony issue in contempt of Court Orders. When Mrs. Mary E. Fitzgerald's email account was "deactivated", all email communication records therein were

still inside Defendant's email system. And they are under Defendant's possession, custody or control.

25. Also at the moment, counsel Ms. Heather D. Erickson readily accepted Mr. Esteban D. Perez's story because it might fool some people while all her frivolous abjections were rejected, and all her groundless and meritless arguments failed.

26. The reality is that the phony issue raised by Mr. Esteban D. Perez is doomed to fail as well.

27. Beyond any doubt, normally all the emails in the deleted account is recoverable by computer forensic specialists. It is a common knowledge for all computer users that email communication documents had already been sent out timely to all targeted accounts for all designated recipients and they were stored in the backup system accordingly. And these files should be retrievable by the person in charge of the operations and management of the backup equipments.

28. As compared to Mrs. Mary E. Fitzgerald, Plaintiff had an extremely heavy workload, but her memory usage allocation was quite limited. As a result, file deletion and memory overwriting happened all the time. Only some old documents remained intact. Further, she has no access to the email backup system at Defendant. Even so, Plaintiff still could retrieve some email records from Mrs. Mary E. Fitzgerald. Therefore, Defendant has no excuse not to follow all Court Orders. As of this moment, Defendant refuses to produce even a single required document. This is extraordinary outrageous and patently unacceptable.

29. In order to tackle this issue further, only four simplest Q & A are needed: (1) whether Defendant has possession, custody or control of the email system. Yes. (2) after two email accounts communicated, whether identified copies were created in these accounts and in the email servers and backup system. Yes. (3) When one email account was deactivated / "deleted", but unspoiled, whether the email records within can be retrieved or recovered. Yes. (4) When one email account was deactivated /"deleted" and destroyed, whether the emails in another account and in the backup system would be affected. No. then, no one will doubt conspiracy to defraud and fraud on Court were committed in this case.

30. Mr. Esteban D. Perez failed to provide any information about policy, regulation or routine practice for the backup file maintenance. Such avoidance with deceptive intention should not be allowed.

31. Mr. Esteban D. Perez avoided answering a key question: whether some or all required files can be found in Plaintiff's email account and in the backup system. As such the "Affidavit" is evasive, misleading and intrinsically fraudulent in nature.

32. It is very important to note that current material issue is whether part or entire email communication records from Mrs. Mary E. Fitzgerald can be retrieved or recovered. The answer should be affirmative. Indisputable evidence is already available in Plaintiff's document production PL00156-PL00200.

D. Conclusion

33. With several hundred words, the "Affidavit" is fatally flawed in multiple aspects; it contains misleading and deliberate false statements for deceptive purposes. And its absurdity is on the face of the texts. For several months, Defendant and its counsels withhold material evidence; at the same time they challenged the authenticity of email print out from the same system produced by Plaintiff in order to prevent her to present any evidence for trial. By doing this, they are abusing the discovery process and mocking at the judicial system.

34. It is Plaintiff's position that the "Affidavit" is another product of conspiracy to defraud and fraud on Court. And it provides a vivid snapshot of what Defendant and its counsels have been doing for the past several months.

35. Fed R. Civ. P. Rule 56 (c) (4) provides, in part, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." In *Rodriquez v. Avatar Prop. & Cas. Ins. Co. 290 S. 3d 560 (Fla. Dist. Ct. App. 2020),* the court required affidavits must have three "musts." The Affidavit: (1)" must be based on personal knowledge"; (2) "must set forth such facts as would be admissible in evidence"; and (3) "must show affirmatively that the affiant is competent to testify to the matters stated therein."

36. Beyond any doubt, as misleading and fraudulent as it is, the subject "Affidavit" shall be rejected under any existing law.

**WHEREFORE**, Plaintiff respectively prays the Honorable Court to:

(1) enter a judgment on the "Affidavit" created by Esteban D. Perez, counsel Heather D. Erickson and counsel Meghan D. White;

(2) order Defendant to produce any feedback from Mary Fitzgerald to Plaintiff related to Plaintiff's job performance from 2016 through August 2017;

(3) take any measure to deter outrageous and fraudulent misconduct within its inherent powers.

Respectfully submitted,

_____          _10/8/2020_____
(Plaintiffs Signature)                    (Date)
Yu L. Zhan   Pro Se
2913 S. Union Ave., Chicago, IL 60616
Tel: (312) 225-4401
yuzhan0712@gmail.com

9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Yu L. Zhan, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 18-cv-7115 |
| | ) | |
| Board of Trustees of the University of Illinois, | ) ) | |
| | ) | |
| Defendant. | ) | |

**<u>AFFIDAVIT OF ESTEBAN D. PEREZ</u>**

I, Esteban D. Perez, being first duly sworn under oath, depose and state that the following is based upon my personal knowledge and that if I were called to testify, I could and would testify as follows:

1. I am over the age eighteen years and am currently the Information Technology Security Manager at the Academic Computing and Communications Center Information Security and Privacy Office at the University of Illinois at Chicago.

2. Faculty and staff email accounts are terminated 90 days after employment ends, and accounts are subsequently deleted one to two months after the 90-day grace period based on a scheduled deletion task.

3. Mary Fitzgerald's email account was terminated 90 days after Ms. Fitzgerald ended her employment with Defendant on August 15, 2017, and the account was subsequently deleted within one to two months thereafter in December of 2017 to January of 2018.

4. As a result of Ms. Fitzgerald's email account being terminated and deleted after she ended her employment on August 15, 2017, emails within Ms. Fitzgerald's account at the

**Exhibit A-1**

University of Illinois at Chicago can no longer be accessed, and therefore a search is unable to be performed within Ms. Fitzgerald's email account.

*(signature)*

Esteban D. Perez

Heather D. Erickson (#6269711)
Meghan D. White (#6324839)
**SANCHEZ DANIELS & HOFFMAN LLP**
333 West Wacker Drive
Suite 500
Chicago, Illinois 60606
(312) 641-1555
herickson@sanchezdh.com
mwhite@sanchezdh.com

# Exhibit A-2

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Yu L. Zhan, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 18-cv-7115 |
| | ) | |
| Board of Trustees of the University of Illinois, | ) ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE VIA ELECTRONIC MAIL**

To: Ms. Yu L. Zhan
2913 South Union Avenue
Chicago, Illinois 60616
yuzhan0712@gmail.com

The undersigned, an attorney, being first duly sworn on oath, deposes and states that she served copies of the following on behalf of Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS:

- **Affidavit of Esteban Perez regarding Plaintiff's Request for Production No. 9**

via electronic mail on August 6, 2020, and that this statement as set forth is true and correct.

/s/Meghan D. White

Heather D. Erickson (#6269711)
Meghan D. White (#6324839)
**SANCHEZ DANIELS & HOFFMAN LLP**
Attorneys for Defendant,
THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS
333 West Wacker Drive, Suite 500
Chicago, Illinois 60601
(312) 641-1555
hderickson@sanchezdh.com
mwhite@sanchezdh.com

Exhibit A-3