

FILED
NOV - 3 2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Yu L. Zhan, | ) |
|     Plaintiff, | ) 1:18-CV-7115 |
| v. | ) Judge<br>) Hon. Mary M. Rowland |
| | ) Magistrate Judge |
| Board of Trustees of University of Illinois, | ) Hon. M. David Weisman |
|     Defendant | ) |

**Plaintiff's Motion for Judgment on the Amended "Affidavit" Created by Esteban D. Perez, Counsels Heather D. Erickson and Meghan D. White**

Plaintiff, Yu L. Zhan, pursuant to Rules 11, 33, 34 and 56(c)(4), Local Rule 83.5, Model Rules 3.3, 3.7 set forth by American Bar Association (ABA) respectfully submits Plaintiff's Motion for Judgment on the Amended "Affidavit" created by Esteban D. Perez, counsel Heather D. Erickson and counsel Meghan D. White and states as follows:

1. On October 30, 2020, Amended "Affidavit" created by Esteban D. Perez, counsel Heather D. Erickson and counsel Meghan D. White was filed (Docket#120). See Exhibit A1-3.

2. For several months from February 6, 2020 to this day, in contempt of Court Orders (Docket Entry#71 and #73), on February 28, 2020, Defendant's stated in its Supplemental Response:

   > Without waiving and subject to Defendant's previously stated objections in response to Plaintiff's Request No. 9, Defendant is not in possession of any emails from Mary Fitzgerald regarding Plaintiff's job performance from January 2016 to August 2017. Ms. Mary Fitzgerald left her employment with the Defendant on August 15, 2017. The Defendant conducted a search for any and all emails between Mary Fitzgerald and Yu Zhan for the period from January 1, 2016 and August 15, 2017; however, the email account of Mary Fitzgerald was deactivated in 2018 as a result of Ms. Fitzgerald ending

1

    her employment and the Defendant no longer has access to any emails within that account.

    On July 2, 2020, Defendant counsel Meghan D. White repeated the same in its Docket #93.

3. By this kind of statement, counsel Meghan D. White (1) misstated and misinterpreted existing law; (2) acted as lawyer/witness; and (3) volunteered to provide misinformation created by herself on the subject matter.

4. On July 16, 2020, the Court issued a ruling (Docket #103) which demanded an affidavit from Defendant to justify Ms. Meghan D. White's position. The order stated: "Defendant shall provide an affidavit from an appropriate person at the University indicating that the email account at issue is no longer active and cannot be searched."

5. As of today, Defendant failed to file any Affidavit to support its counsel Meghan D. White legal and factual statement.

6. Beyond dispute, Mr. Esteban D. Perez and counsel Heather D. Erickson are not the appropriate persons to change the existing law, such as Rules 11, Local Rule 83.5, ABA Rule 3.3 in order to support counsel Meghan D. White's position. Rule 34(a) requires the disclosure of the documents in a respondent's "possession, custody, or control." The phrase is disjunctive, requiring only a single element to be met. See *Cumis Ins. Society, Inc v. South-Coast Bank*, 610 F. Supp. 193, 196 (N. D. Ind. 1985); see also *Soto v. City of Concord*, 162 F. R. D. 603, 619 (N. D. Cal. 1995) (holding actual possession of documents is not required under Rule 34(a)).

7. It's on the record, Mr. Esteban D. Perez, counsel Heather D. Erickson and counsel Meghan D. White failed to recite the exact and complete text of Rule 34(a)(1), and they concealed the fact that the UIC west campus does have possession, custody or control of the email backup system which contained the required email files.

8. Mr. Esteban D. Perez and counsel Heather D. Erickson are not the appropriate persons to challenge Local Rule 83.5 and ABA Rule 3.7 in order to support counsel Meghan D. White's position. Records demonstrate Ms. Meghan D. White acted as a lawyer/witness in this case.

9. As Plaintiff stated, in order to address current material issues in this case, only four simplest Q & A are needed: (1) whether Defendant has possession, custody or control of the email system. Yes. (2) after two email accounts communicated, whether identified copies were created in these accounts and in the email servers and backup system. Yes. (3) When one email account was deactivated / "deleted", but unspoilated, whether the email records within can be retrieved or recovered. Yes. (4) When one email account was deactivated /"deleted" or destroyed, whether the emails in another account and in the backup system would be affected. No. Thirty years ago, all IT professional knew these questions and answers. And they are still valid to this day. On the face of the text, the Amended "Affidavit" failed to recognize these basic knowledge for email system. As such, none of all the co-authors is qualified to be a witness in this case.

10. Having basic knowledge of these Q & As, no one will have any doubt conspiracy and fraud on court was committed. And no one will doubt Rule 11, Local Rule 83.5, and ABA Model Rule 3.3 had been violated.

11. Once again, the Amended "Affidavit" is co-authored by Mr. Esteban D. Perez, counsel Heather D. Erickson and counsel Meghan D. White. The two counsels failed to specify their roles they are playing in the instant filing.

12. The record shows stark differences exist in factual contentions among the three co-authors, Mr. Esteban D. Perez, counsel Heather D. Erickson, and counsel Meghan D. White. That is very strange.

13. At this moment, all co-authors of the Amended "Affidavit" know that for months, counsel Meghan D. White created a phony issue in contempt of Court Orders. When Mrs. Mary E. Fitzgerald's email account was "deactivated", all email communication records therein were still inside Defendant's email system. And they are under Defendant's possession, custody or control.

14. Lacking of a statement that the testimony is based on firsthand knowledge, shockingly ignorant in technical basics, the Amended "Affidavit" contains nothing but inadmissible hearsay and wanton factual arguments dictated and coached by counsels Heather D. Erickson and Meghan D. White. As such, the entire filing is frivolous, to say the very least.

15. It is very important to note that current material issue is whether part or entire email communication records from Mrs. Mary E. Fitzgerald can be retrieved or recovered. The answer should be affirmative. Indisputable evidence is already available in Plaintiff's document production PL00156-PL00200. As such, the Amended "Affidavit" is evasive,

misleading and intrinsically fraudulent in nature. And it is absurd and patently unacceptable for Defendant and its counsels to challenge the authenticity produced by Plaintiff, PL00001-PL00535 which are printout from the email system.

16. In the Amended "Affidavit" Mr. Esteban D. Perez failed to specify when and by whom Mrs. Mary Fitzgerald email account was deactivated as counsel Meghan D. White asserted.

17. In the Amended "Affidavit" Mr. Esteban D. Perez did not specify why the subject deactivated email account cannot be reactivated and why the document within cannot be retrieved.

18. In the Amended "Affidavit" Mr. Esteban D. Perez failed to present what the purpose is to delete an email account which was already deactivated.

19. By stating the subject email account was deleted within "one to two months" thereafter in December of 2017 to January of 2018. Mr. Esteban D. Perez implicitly admitted he did not know the exact date the subject account was deleted and he did not know the exact name of the individual who did the deletion.

20. Again Mr. Esteban D. Perez failed to present any documentation of policy and regulation about the deletion of email account in support his testimony.

21. Again Mr. Esteban D. Perez failed to specify whether email records in deleted accounts can be recovered by a computer forensics specialist.

22. By filing for extension of time (Dkt #121), Defendant implicitly admitted Mr. Esteban D. Perez had no work experience in the IT department at west campus of UIC, where employees were in charge of operation and maintenance of email and its backup system. Also in the

Amended "Affidavit" Mr. Esteban D. Perez did not testify otherwise. As such, he did not have firsthand knowledge and information on the subject matter in his testimony.

23. Again as an important part of discovery response, under Rule 33 and 34, a certification by the authorized representative from Defendant is required for the filing of the Amended "Affidavit". But Defendant failed.

24. In fact, by filing motion for extension of time to file additional affidavit, counsels Heather D. Erickson and Meghan D. White already assess their latest creation: it's fatally flawed, and it should be rejected right away under any existing law.

**WHEREFORE**, Plaintiff respectively prays the Honorable Court to:

(1) enter a judgment on the Amended "Affidavit" created by Esteban D. Perez, counsel Heather D. Erickson and counsel Meghan D. White;

(2) order Defendant to produce any feedback from Mary Fitzgerald to Plaintiff related to Plaintiff's job performance from 2016 through August 2017;

(3) take any measure to disencourage or prevent Defendant and its counsels from filing similar frivolous or fraudulent documents in the future.

(4) take any measure to deter outrageous and fraudulent misconduct within its inherent powers.

_____  11/3/2020
(Plaintiffs Signature)            (Date)

Yu L. Zhan  Pro Se
2913 S. Union Ave., Chicago, IL 60616
Tel: (312) 225-4401
yuzhan0712@gmail.com

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Yu L. Zhan, <br><br> Plaintiff, <br><br> v. <br><br> Board of Trustees of the University of Illinois, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) No.: 18-cv-7115 <br> ) <br> ) <br> ) <br> ) |

## AMENDED AFFIDAVIT OF ESTEBAN D. PEREZ

I, Esteban D. Perez, declare under penalty of perjury that the foregoing is true and correct:

1. I am over the age eighteen years and am currently the Information Technology Security Manager at the Academic Computing and Communications Center Information Security and Privacy Office at the University of Illinois at Chicago.

2. University faculty and staff email accounts are terminated 90 days after employment ends, and accounts are subsequently deleted one or two months after the 90-day grace period based on a scheduled deletion task.

3. Mary Fitzgerald's University email account was terminated 90 days after Ms. Fitzgerald ended her employment with Defendant on August 15, 2017, and said account was subsequently deleted within one to two months thereafter in December of 2017 to January of 2018.

4. As a result of Ms. Fitzgerald's University email account being terminated and deleted after she ended her employment on August 15, 2017, emails within said account at the University of Illinois at Chicago can no longer be accessed, and therefore a search is unable to be performed within Ms. Fitzgerald's University email account.

EXHIBIT A-1

Executed on October _30_, 2020.          _Esteban D Perez_
                                          Esteban D. Perez

Heather D. Erickson (#6269711)
Meghan D. White (#6324839)
**SANCHEZ DANIELS & HOFFMAN LLP**
333 West Wacker Drive
Suite 500
Chicago, Illinois 60606
(312) 641-1555
herickson@sanchezdh.com
mwhite@sanchezdh.com

EXHIBIT A-2

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Yu L. Zhan, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 18-cv-7115 |
| | ) | |
| Board of Trustees of the University of Illinois, | ) ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE VIA ELECTRONIC MAIL**

To:  Ms. Yu L. Zhan
2913 South Union Avenue
Chicago, Illinois 60616
yuzhan0712@gmail.com

    The undersigned, an attorney, being first duly sworn on oath, deposes and states that she served copies of the following on behalf of Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS:

- **Amended Affidavit of Esteban Perez**

via electronic mail at or before 5:00 p.m. on October 30, 2020, and that this statement as set forth is true and correct.

/s/Meghan D. White

Heather D. Erickson (#6269711)
Meghan D. White (#6324839)
**SANCHEZ DANIELS & HOFFMAN LLP**
Attorneys for Defendant,
THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS
333 West Wacker Drive
Suite 500
Chicago, Illinois 60601
(312) 641-1555
hderickson@sanchezdh.com
mwhite@sanchezdh.com

EXHIBIT A-3