RECEIVED 2021 JAN -5 PM 1:31 THOMAS G. BRUTON CLERK U.S. DISTRICT COURT

FILED JAN 05 2021 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Yu L. Zhan, | ) |
| | ) 1:18-CV-7115 |
| Plaintiff, | ) |
| | ) Judge |
| v. | ) Hon. Mary M. Rowland |
| | ) |
| | ) Magistrate Judge |
| Board of Trustees of University of Illinois, | ) Hon. M. David Weisman |
| | ) |
| Defendant | ) |

### Plaintiff's Motion For Judgment I

**Plaintiff's Motion for Judgment on Defendant Standing or in the Alternative Motion for Judgment on Defendant Counsel Heather D Erickson's Affidavit Dated June 13, 2019 (Doc. 32-1)**

Plaintiff Yu L. Zhan, pursuant to Court Order Docket Entry 136 and 140, respectively moves this Court to Enter Judgment on Defendant Standing or in the Alternative to Enter Judgment on Defendant Counsel Heather D Erickson's Affidavit Dated June 13, 2019 (Doc.32-1) and states as follows:

A. Factual Background

1. Plaintiff filed the original complaint on October 24, 2018.

2. Summons and Complaint were served upon Defendant on October 29, 2018.

3. The instructions to Defendant on the summons are clear: "[w]ithin 21 days after service of this summons on you…you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure."

1

4. Defendant failed to follow the precise instruction of the summons. Instead, Defendant submitted a response on November 16, 2018; and erroneously claimed the filing was under Rule 6(b). And it set a deadline for itself as December 19, 2018 (Doc. 9).

5. Again, Defendant failed to file anything on the due day it set until December 28, 2018.

6. On May 30, 2019, Plaintiff submitted Amended Complaint (Doc. 31).

7. It is improper for Defendant to file a motion for extension of time (Doc. 32) on the due date of June 13, 2019 set forth by Rule 15(a)(3).

8. The extension of time starts from original due date, not from the hearing date as Defendant counsel misleadingly argued.

9. As a result, Defendant's pleadings, including the Answer and Affirmative Defenses (Doc. 37) are not timely filed.

10. On June 13, 2019 Defendant lead counsel executed an Affidavit (Doc. 32-1), it stated: " I, Heather D. Erickson, being duly sworn on oath, do hereby aver as follows: (1) That I am one of the attorneys assigned to represent the Defendant, The Board of Trustees of the University of Illinois, in the above-captioned matter. (2) That all of the statements made in the attached motion are true and accurate."

11. In Defendant's motion (Doc. 32), Ms. Heather D. Erickson provided incorrect contention of Plaintiff's claims and she provided misleading due date for Defendant responsive pleadings.

12. Defendant lead counsel Heather D. Erickson failed to cite Plaintiff's Equal Pay Act claim; similarly, in Doc.106, Defendant's counsel Meghan D. White failed to cite Plaintiff's claims of 42 U. S. C §1983, ADEA and Title VII.

### B. Legal Standard

13. The Federal Rules of Civil Procedure shall have the effect of law.

14. ABA Model Rule 3.1 provides: "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law."

15. ABA Model Rule 3.3 provides: (a) A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;…. (3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.

16. All ABA Model Rules are recognized by Local Rule 83.50 in Northern District Court of Illinois. Model Rules 3.1 and 3.3 are consistent with Fed. R. Civ. P. Rule 11.

C. Arguments

I. Procedurally and Substantively Defendant is at Default

17. Record shows Defendant failed to follow summons instructions, and failed to file Rule 12 responses pleadings on November 19, 2018, it became at default as a procedural matter.

18. Record shows Defendant failed to file responsive pleading on the due date of December 19, 2018 set by itself, Defendant became at default again. Also Defendant failed to follow Rule 15(a)(3) and failed to submit its Answer and Affirmative Defense on time. Beyond any dispute, as a procedural matter, Defendant becomes at default again and again, three times in total.

19. In this case, Plaintiff alleges that Defendant is in violation of U. S. C. §1983 under the First and Fourteenth Amendments of U. S. Constitution; and Defendant willfully violates Title VII, ADEA and Equal Pay Act. See Attachment II in Amended Complaint (Doc. 31). Plaintiff's *prima facie* cases have been established. But even at this moment Defendant failed to disclose what its defense(s) and affirmative defense(s) are. As a result, Defendant is at default as substantive matter. See e.g. *McDonnell Douglas Corp. v. Green*, 411 U. S. 792 (1973).

II. Counsel Heather D. Erickson's Affidavit is Improper, Incorrect and Misleading

20. It is very strange on June 13, 2019 counsel Heather D. Erickson filed an affidavit under her name to cover all the statements within a motion for extension of time to file responsive pleadings. The reason is simple, under Rule 11, a lawyer is supposed to investigate the basic facts first before filing any documents to the court.
21. In the related motion, counsel Erickson failed to list one of Plaintiff's claims Equal Pay Act; and once again she imposed 42 U. S. C. §1981 upon Plaintiff. These are red herrings as well.
22. Record shows whenever Defendant intends to block or derail the normal proceedings, whenever Defendant is going to release brazen and flagrant false statements, it will present an affidavit, it will misstate Plaintiff's claims and repeat 42 U. S. C. §1981 created by Ms. Erickson.
23. Record shows, Plaintiff has never filed 42 U. S. C §1981claim. When Ms. Erickson created this phony issue, she just argued with herself, or, with the standard court form. Ms. Erickson did this for more than one year. It is waste of time and it is just a distraction from real issues.

4

24. Beyond dispute, the real deceptive purpose for Ms. Heather D. Erickson's affidavit is to cover up her failure to file an extension of time before the due date; and to cover up her failure to submit the responsive pleadings on time.

    III.    Counsels Heather D. Erickson And Meghan D. White Have Waived Defendant's Right to Offer any Defense or Affirmative Defense

25. Since Defendant counsel Heather D. Erickson failed to cite Plaintiff's Equal Pay Act claim, this shall be taken as a waiver to offer any defense on Plaintiff's Equal Pay Act claim.

26. Similarly, on August 26, 2020 in Doc.106, Defendant's counsel Meghan D. White failed to cite Plaintiff's claims of 42 U. S. C §1983, ADEA and Title VII. It shall be taken as an admission that Defendant had not offer any defense on these claims. Or, it shall be taken as Defendant had waived its rights to contest these Counts.

D. Conclusion

27. Defendant is at default procedurally and substantively. And Ms. Heather D. Erickson's affidavit dated June 13, 2019 is improper, incorrect and misleading.

**WHEREFORE**, Plaintiff respectively prays the Honorable Court to Enter Judgment on Defendant standing; or in the Alternative to Enter Judgment on Defendant counsel Heather D. Erickson's Affidavit Dated June 13, 2019 (Doc. 32-1).

_____       1/5/2021
(Plaintiffs Signature)                                   (Date)

Yu L. Zhan    Pro Se
2913 S. Union Ave., Chicago, IL 60616
Tel: (312) 225-4401
yuzhan0712@gmail.com